## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARSHAN ALLEN and ANTHONY JONES,<br>    Plaintiffs,<br><br>    v.<br><br>LANEL PALMER, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  04 CV 4306<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

The plaintiffs, two state prisoners, have jointly brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, three officers at the Stateville Correctional Center, violated the plaintiffs' constitutional rights by embarking on a campaign of harassment and retaliation against the plaintiffs for exercising their First Amendment rights. More specifically, the plaintiffs allege that the defendants subjected them to abusive cell searches, wrongfully seized personal property, denied them showers, and filed false disciplinary charges against them because the plaintiffs each filed grievances and wrote a letter to the governor regarding an earlier, improper cell search. This matter is before the court for consideration of pending motions.

### Defendants' Motion for Summary Judgment

The defendants have moved for summary judgment. For the reasons stated in this order, the motion is denied. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Prime Northgate Plaza Ltd. Partnership v. Lifecare Acquisitions Corp.*, 985 F. Supp. 815, 817 (N.D. Ill. 1997). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-

moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

**Facts**

The basic chronology of events giving rise to this lawsuit is largely uncontested. On October 24, 2003, the defendant McClelland [and perhaps Palmer] conducted a routine "shakedown" (or cell search) of the plaintiffs' shared cell. Both plaintiffs filed grievances regarding improperly seized belongings and each received compensation for the items in question. On December 1, 2003, Palmer and McClelland conducted another shakedown, seizing certain items to be found "in abundance" (such as extra bedding and 42 cereal boxes) and items the plaintiffs did not believe constituted contraband (including a fly swatter and baby oil). The plaintiffs were found guilty of possession of excessive property; their punishment was restriction of commissary privileges for fifteen days.

The plaintiffs contend that on or about December 5, 2003, the defendant Bumphis read a letter the plaintiffs had written to the governor regarding Palmer and McClelland. Afterwards, Bumphis refused to allow them to take showers on multiple, unspecified dates.

On March 11, 2004, the plaintiffs each received disciplinary reports after a confrontation with the defendant Palmer concerning statements the inmates had purportedly made to the defendant Bumphis. According to the plaintiffs, the charges were entirely fabricated; according to the defendants, the plaintiffs were implicitly threatening to place Bumphis on a "hit" list. Plaintiff Jones was found not guilty of the charges, but Plaintiff Allen was found guilty of threats and intimidation. He was sentenced to two months of segregation and two months' demotion to C-grade; he also lost his job assignment.

**Discussion**

Material facts–and, more importantly, the inferences to be derived from the sequence of events–are in dispute, thus precluding summary judgment. While the defendants have

articulated plausible explanations for the actions in question, a reasonable person could find that the plaintiffs were the victims of retaliation.

The defendants point out that under departmental rules, "[a]ll committed persons and their clothing, property, housing and work assignments are subject to search at any time." 20 Ill. Admin. Code § 501.220(b)(1). Consequently, the plaintiffs were conceivably vulnerable to searches every day if the prison administration deemed it warranted. Moreover, inmates are not constitutionally entitled to more than one shower a week. *See, e.g., De La Paz v. Peters*, 959 F. Supp. 909, 915-16 (N.D. Ill. (1997) (Castillo, J.), *citing Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988). In addition, the defendants note that the plaintiffs were afforded full due process in connection with the disciplinary reports they received.

There is no question that the defendants had the authority to conduct cell searches, to punish the plaintiffs for misconduct, and to deny them more than weekly showers. Nevertheless, an act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding that the plaintiff had stated a valid cause of action for allegedly retaliatory disciplinary reports). To prevail on a retaliation claim, the prisoner must: (1) establish a chronology of events from which retaliation can be inferred; and (2) show that retaliation was a motivating factor behind the defendant's conduct. *See, e.g., Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

Here, the plaintiffs contend that their cell was singled out for a shakedown, that the defendants made remarks seeming to allude to the plaintiffs' grievances and to another inmate who was supposedly transferred for filing grievances, and that the "usual practice" is to confiscate or dispose of contraband rather than issuing a disciplinary report. They also maintain that Bumphis denied them privileges only after reading their letter to the governor. Therefore, although the defendants have articulated apparently legitimate, non-retaliatory reasons for their

actions, the trier of fact could conclude, viewing the record in the light most favorable to the plaintiffs, that they were punished for their protected activities. A jury will have to assess the parties' credibility and determine whether the defendants subjected the plaintiffs to mistreatment on account of their grievances and letter to the governor.

Throughout their briefs, the defendants appear to be challenging the strength of the plaintiffs' evidence and their purported failure to "prove" their claims. But as the court previously advised defense counsel, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997), *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Of course, in order to prevail on their claims, the plaintiffs will ultimately have to establish by a preponderance of the evidence that the defendants' treatment would have been different absent any retaliatory motive. *See Babcock*, 102 F.3d at 275, *citing Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287 (1977).

The court also rejects the defendants' asserted defense of qualified immunity. The doctrine of qualified immunity protects government officials from civil liability when performing discretionary functions so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As noted above, however, it is longstanding law that prison officials may not punish an inmate for exercising his First Amendment rights. If the defendants retaliated against the plaintiffs, they cannot invoke qualified immunity.

## Plaintiffs' Motion for Appointment of Counsel

Turning to the plaintiffs' motion for appointment of counsel, the motion is denied. By Minute Order of October 2, 2004, the court denied an earlier motion for appointment of counsel, relying on the factors set forth in *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983), and its progeny. The plaintiffs' present motion does not provide any additional information which persuades the court that its previous decision should be reconsidered.

Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.), *cert. denied*, 510 U.S. 963 (1993).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiffs' claims are so complex or intricate that a trained attorney is necessary. The plaintiffs appear more than capable of presenting their case, having already successfully defended themselves against motions to dismiss and for summary judgment. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiffs' renewed motion for appointment of counsel is denied.

### Plaintiffs' Motion to File Additional Interrogatories

Finally, the plaintiffs' motion for leave to file a third set of interrogatories is denied. Discovery in this 2004 case closed in April, some seven months ago. The court discerns no benefit to additional discovery.

**Conclusion**

For the foregoing reasons: (1) the defendants' motion for summary judgment [#55] is denied; (2) the plaintiffs' second motion for appointment of counsel [#64] is denied; and (3) the plaintiffs' motion for leave to serve a third set of interrogatories [#47] is denied.

DATE: November 22, 2005        _____
                                Blanche M. Manning
                                United States District Court